■ DOROTHY SPANIER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [634 NYS2d 122] —Order, Supreme Court, New York County (William Davis, J.), entered on or about June 8, 1994, which denied plaintiff's motion to set aside so much of the jury verdict as awarded $5,000 in damages to plaintiff and for a new trial on the issue of damages, unanimously affirmed, without costs.

The IAS Court properly allowed defendant's counsel to ask plaintiff's treating physician about prior allegations of improper billing, and other misconduct, since those allegations had a bearing on the doctor's credibility (*Badr v Hogan*, 75 NY2d 629, 634). Plaintiff complains about counsel's reference during cross examination to the disciplinary statement of charges brought against the doctor with respect to this alleged

misconduct. However, that document, which was marked only for identification, was only referred to in an appropriate effort to refresh the doctor's memory as to the specific charges that had been brought; the document was not used to refute his testimony on this collateral matter (*see*, *supra*, at 635). Plaintiff's claim that the improper acts were too remote in time is unpersuasive, given that the disciplinary matter was resolved only three years before this trial was held.

We also reject plaintiff's argument that the jury award was "unconscionably inadequate". The jury was entitled to credit the testimony of defendant's expert that the fracture in the left foot was not as extensive as claimed by plaintiff and that the tendon damage in the right foot was not caused by the incident upon which this action is based.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.