■ KATHERINE L. SHELLEY, Appellant, v FLOW INTERNATIONAL CORPORATION et al., Defendants, and I & OA SLUTZKY, INC., Respondent. (Appeal No. 1.) [724 NYS2d 244] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a work-related accident during a highway construction project on Route 690 in the Town of Geddes. Plaintiff was operating a hydromilling tractor and was injured when she attempted to shift the tractor into reverse. The tractor lurched forward onto her foot and dragged her body underneath the tractor. Defendant I & OA Slutzky, Inc. (Slutzky) was the general contractor on the site pursuant to a contract with the New York State Department of Transportation. Defendant Flow Services Corporation (Services), a wholly-owned subsidiary of defendant Flow International Corporation (International), subcontracted with Slutzky to hydromill the concrete surfaces of several bridges. International hired plaintiff to work on the project and was responsible for manufacturing and distributing the hydromilling tractor.

With respect to Slutzky, the complaint alleges common-law negligence and violations of Labor Law §§ 200, 240 (1) and

§ 241. Slutzky moved for summary judgment dismissing the complaint against it, alleging, *inter alia*, that as general contractor it had no supervision or control over plaintiff's work. Supreme Court granted that motion (appeal No. 1). We conclude that the court properly dismissed those claims alleging common-law negligence and a violation of Labor Law § 200. Slutzky established its entitlement to judgment as a matter of law by submitting evidence that it neither supervised nor controlled plaintiff's work. "The contractual duty to oversee the performance of work, inspect the work site and ensure compliance with safety regulations does not constitute supervision and control over the subcontractor's methods of work" (*D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.*, 231 AD2d 955). "By submitting an affidavit of an expert that was plainly conclusory, plaintiff failed to raise a triable issue of fact in opposition to [Slutzky's] motion" (*Liccione v Gearing*, 252 AD2d 956, 957, *lv denied* 92 NY2d 818; *see, Bouter v Durand-Wayland, Inc.*, 221 AD2d 902, 903).

We note that plaintiff withdrew her claim alleging a violation of Labor Law § 240 (1). In addition, plaintiff does not address in her brief that part of the order dismissing the claims under Labor Law § 241, and thus her appeal from that part of the order is deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984).

With respect to the order in appeal No. 2, the court granted the motion of International and Services seeking summary judgment dismissing the complaint against them. They alleged that the complaint against International is barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6) because International was plaintiff's employer. They also alleged that the complaint against Services is barred by the same provisions of the Workers' Compensation Law because plaintiff was a special employee of Services and because Services and International were acting as one corporate entity.

We conclude that the court properly dismissed the complaint against International on the ground that International is plaintiff's employer (*see,* Workers' Compensation Law §§ 11, 29 [6]). We further conclude, however, that the court erred in dismissing the complaint against Services. International and Services failed to meet their initial burden of establishing that plaintiff was a special employee of Services because they failed to establish the requisite element of plaintiff's consent to a special employment relationship (*see, Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d

972). Because plaintiff had only worked at the site for three days and there is no evidence that she was aware of even the possibility of an employment relationship with an entity other than International, there is no basis for finding plaintiff's implied consent to that relationship. The "insufficiency of [the] pleadings and moving papers [of International and Services] to show plaintiff's consent to this supposed new arrangement rendered it improper for [the court] to grant summary relief" (*Gallo v Higgins Erections & Haulers*, 45 AD2d 790, 791; *see, Short v Durez Div.-Hooker Chems. & Plastic Corp.*, *supra*; *cf., Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-559).

In addition, there is an issue of fact whether International and Services were acting as one corporation. For a subsidiary corporation to be considered the alter ego of the parent corporation, "there must be direct intervention by the parent in the management of the subsidiary to such an extent that 'the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163, *rearg denied* 52 NY2d 829, quoting *Lowendahl v Baltimore & Ohio R. R. Co.*, 247 App Div 144, 155, *affd* 272 NY 360, *rearg denied* 273 NY 584). International and Services submitted, *inter alia,* deposition testimony of the general counsel for International that Services was a separate company at the time of the accident. They also submitted evidence that Services filed separate tax returns and that plaintiff was compensated from a separate International bank account. " 'The individual principals in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from * * * common-law tort liability' " (*Richardson v Benoit's Elec.*, 254 AD2d 798, 799, quoting *Buchner v Pines Hotel*, 87 AD2d 691, 692, *affd* 58 NY2d 1019). We therefore modify the order in appeal No. 2 by denying in part the motion of International and Services and reinstating the complaint against Services. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.