■ RUSSELL D'AMATO, Respondent, v ACCESS MANUFACTURING, INC., Appellant. [762 NYS2d 393] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Dye, J.), dated March 12, 2002, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $95,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of liability only, with costs to abide the event; the jury's findings as to damages are affirmed.

In January 1995 the plaintiff was hired by nonparty Karp Associates, Inc., as a welder's assistant, and assigned to work at a Queens location where the defendant corporation manufactured metal doors and handrailings. On February 2, 1995, about two weeks after he began his employment, the plaintiff was injured when his hand became caught in a metal grinding machine. The plaintiff then commenced this action against the

defendant to recover damages for his injuries. The defendant subsequently moved for summary judgment, arguing that pursuant to the Workers' Compensation Law, an injured worker cannot recover damages from a property owner where that owner is also an officer or shareholder of the corporation which employed the worker. The Supreme Court denied the defendant's motion for summary judgment on the ground that the defendant was a separate and distinct corporate entity from the plaintiff's employer.

At the start of the liability phase of the trial, defense counsel advised the trial court that he intended to offer evidence that the plaintiff was the defendant's special employee, and thus precluded by the Workers' Compensation Law from recovering damages against it. However, the trial court limited the defendant's ability to adduce evidence on this issue, and refused to submit the issue of special employment to the jury, finding that the doctrine of law of the case barred the presentation of a workers' compensation defense.

On appeal, the defendant contends, inter alia, that the trial court erred in concluding that the doctrine of law of the case precluded it from offering a workers' compensation defense. We agree. The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in the prior decision" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see also Grullon v City of New York*, 297 AD2d 261 [2002]; *Gilligan v Reers*, 255 AD2d 486 [1998]). Here, the defendant's prior motion for summary judgment was not based upon the theory that a special employment relationship existed between the parties, and the Supreme Court's decision denying the defendant summary judgment on its workers' compensation defense did not consider or determine this issue. Accordingly, the trial court should not have limited the defendant's right to offer evidence of a special employment relationship. We further note that the issue of whether a general employee of one employer is in the special employ of another generally presents a question of fact (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Small v Winter Bros.*, 302 AD2d 445 [2003]; *DeRubeis v D & F Wastepaper Co.*, 273 AD2d 434 [2000]), and the limited evidence presented on this issue at trial indicates that questions of fact exist as to whether the defendant exclusively controlled the plaintiff's work at the accident site, and whether the plaintiff was aware of and consented to a special employment relationship (*see Thompson v Grumman Aerospace Corp.*, supra at 558; *Shelley v Flow Intl. Corp.*, 283 AD2d 958 [2001]; *Short v Durez Div.-Hooker Chems. & Plastic Corp.*, 280 AD2d 972 [2001]).

We further note that the trial court should not have permitted the plaintiff's expert witness to offer an opinion on the issue of how much training would be needed to safely operate a metal grinder of the type involved in the subject accident. This opinion evidence should have been excluded because it lacked an adequate factual foundation and was speculative (*see Arricale v Leo,* 295 AD2d 920 [2002]; *Orr v Spring,* 288 AD2d 663 [2001]; *see also Soto v New York City Tr. Auth.,* 295 AD2d 419 [2002]). In addition, the trial court should have allowed defense counsel to show the plaintiff a copy of the complaint he had filed in another action to refresh his recollection as to whether he had commenced a lawsuit against the manufacturer of the grinding machine (*see* Prince, Richardson on Evidence § 6-214 [Farrell 11th ed]; *Sauer v Diaz,* 300 AD2d 1136 [2002]; *Spanier v New York City Tr. Auth.,* 222 AD2d 219 [1995]).

The defendant's remaining contention is without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.