■ RAYMOND BERNIER, Appellant, v GABRIEL CONTRACTING, Defendant and Third-Party Plaintiff-Respondent. K & C CONSTRUCTION CORP., Third-Party Defendant-Respondent. [773 NYS2d 900]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated November 14, 2002, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, granted the motion of the third-party defendant for summary judgment dismissing the complaint, and denied his cross motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motions and substituting therefor provisions denying the motions; as so modified, the order is affirmed, with one bill of costs payable to the plaintiff, and the complaint is reinstated.

The plaintiff was hired by the third-party defendant, K & C Construction Corporation (hereinafter K & C), to work as a carpenter at a construction site where K & C was a subcontractor. K & C did not have a supervisor or project manager, or any equipment and tools at the construction site. The defendant third-party plaintiff, Gabriel Contracting (hereinafter Gabriel), was the general contractor at the construction site. Although the plaintiff received his work assignment, instructions, and tools and equipment from Gabriel representatives, the plaintiff testified at his deposition, inter alia, that he believed that K & C was his supervisor and supplied his tools and equipment. During the course of his work, the plaintiff allegedly fell and was injured while attempting to descend from a scaffold onto an unsecured A-frame ladder.

The plaintiff commenced this action against Gabriel, and Gabriel brought a third-party action against K & C. The Supreme Court, concluding as a matter of law that the plaintiff was a special employee of Gabriel and therefore barred from suing Gabriel pursuant to the exclusive remedy provisions of Workers' Compensation Law §§ 11 and 29 (6), granted the separate motions of Gabriel and K & C for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1).

The Supreme Court erred in granting the motions for summary judgment dismissing the complaint since Gabriel and K & C both failed to establish prima facie entitlement to that relief. Although Gabriel and K & C argued that the plaintiff was a special employee of Gabriel, the plaintiff's deposition transcript, which was submitted in support of the motions, raised an issue of fact as to whether the plaintiff was aware of and consented to a special employment relationship (*see D'Amato v Access Mfg.,* 305 AD2d 447 [2003]; *Shelley v Flow Intl. Corp.,* 283 AD2d 958, 959-960 [2001]; *Short v Durez Div.—Hooker Chems. & Plastic Corp.,* 280 AD2d 972 [2001]; *cf. Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]; *Murray v Union Ry. Co. of N.Y. City,* 229 NY 110 [1920]).

Contrary to the plaintiff's contention, he was not entitled to summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) for the additional reason that there is an issue of fact as to whether his alleged fall from the unsecured ladder was a substantial factor which led to his injuries (*see Williams v Dover Home Improvement,* 276 AD2d 626 [2000]; *cf. Guzman v Gumley-Haft,* 274 AD2d 555 [2000]). Ritter, J.P., S. Miller, Adams, Cozier and , JJ., concur.