■ DIONISIOS DIONISIOU et al., Respondents, v UNITED PAINTING CONTRACTING, INC., Defendant, and PRO-MO-PRO, Appellant. [786 NYS2d 332]—In an action to recover damages for personal injuries, etc., the defendant Pro-Mo-Pro appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 22, 2002, as denied that branch of a motion made by it and the defendant United Painting Contracting, Inc., which was, in effect, to vacate so much of a prior order of the same court (Goldstein, J.) dated October 22, 1998, as granted that branch of the plaintiffs' motion which was to strike its Workers' Compensation Law defense upon its default in opposing the motion, and, in effect, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against it as barred by the Workers' Compensation Law.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was, in effect, to vacate so much of the order dated October 22, 1998, as granted that branch of the plaintiffs' motion which was to strike the appellant's Worker's Compensation Law defense and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the appellant's Workers' Compensation Law defense is reinstated, and the order dated October 22, 1998, is modified accordingly.

The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was, in effect, to vacate so much of a prior order dated October 22, 1998, as granted that branch of the plaintiffs' motion which was to strike the appellant's Workers' Compensation Law defense upon

the appellant's default in opposing the motion (*see* CPLR 5015 [a] [1]; *Crystal Run Sand & Gravel v Milnor Constr. Corp.,* 301 AD2d 491 [2003]; *State of New York v Kama,* 267 AD2d 225 [1999]).

However, the appellant was not entitled to summary judgment dismissing the complaint insofar as asserted against it based upon that defense, since there exists a triable issue of fact regarding the appellant's contention that the injured plaintiff was its special employee (*see Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]; *Bernier v Gabriel Contr.,* 6 AD3d 369 [2004]). Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.