■ FREDDIE WILLIAMS, Appellant, v SEYMOUR L. HALPERN, M.D., Respondent. [808 NYS2d 68]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 10, 2004, which denied defendant's motion for partial summary judgment (1) on the issue of whether

plaintiff contracted hepatitis C because of defendant's medical malpractice, and (2) dismissing plaintiff's claim for punitive damages, unanimously modified, on the law, to dismiss the claim for punitive damages arising from contraction of hepatitis C, and otherwise affirmed, without costs.

We reject defendant's contention that because plaintiff's expert is a pathologist and not an internist or epidemiologist, he is unqualified to give an expert opinion with regard to how and when plaintiff contracted hepatitis C. The expert's qualifications go to the weight rather than the admissibility of his testimony (*see Hill v New York Hosp.*, 277 AD2d 117 [2000]). Similarly, any prior immoral acts or suspensions of his license bear on his credibility but do not preclude him from testifying as an expert (*cf. Spanier v New York City Tr. Auth.*, 222 AD2d 219 [1995]). The claim for punitive damages as to hepatitis B was properly sustained upon a record sufficient to permit a jury to find that defendant's conduct demonstrated a gross indifference to patient care and a danger to the public (*cf. Graham v Columbia Presbyt. Med. Ctr.*, 185 AD2d 753 [1992]); however, the record was insufficient to raise an issue of fact as to punitive damages as to hepatitis C. Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.