■ Mona Alini et al., Appellants, v Lucent Technologies, Inc., et al., Respondents, et al., Defendant. [873 NYS2d 204]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated November 30, 2007, as granted that branch of the motion of the defendants Lucent Technologies, Inc., and Nassau Smelting & Refining Company, Incorporated, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau Smelting & Refining Company, Incorporated.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2001 the plaintiff Mona Alini (hereinafter the plaintiff) worked for the defendant Lucent Technologies, Inc. (hereinafter Lucent) through a temporary employment agency, at Lucent's building in Staten Island, where it operated a business through its wholly-owned subsidiary Nassau Metals Corporations, sued herein as Nassau Smelting & Refining Company, Incorporated (hereinafter Nassau). On March 9, 2001 the plaintiff allegedly was injured when she slipped and fell on a wet, soapy portion of the floor of the building's cafeteria. Lucent and Nassau moved for summary judgment dismissing the

complaint insofar as asserted against them, asserting that workers' compensation was the plaintiff's exclusive remedy since she was their special employee. Lucent and Nassau also contended that, in any event, they were not liable to the plaintiffs since they did not create the alleged dangerous condition or have actual or constructive notice thereof. The Supreme Court granted the motion, finding that the plaintiff was a special employee of both Lucent and Nassau. On appeal, the plaintiffs assert only that the Supreme Court improperly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Nassau. We affirm the order insofar as appealed from, albeit on a ground different than that upon which the Supreme Court based its determination.

The court erred in finding that the plaintiff was Nassau's special employee. In this regard, Lucent and Nassau failed to meet their initial burden of establishing that the plaintiff was a special employee of Nassau (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 560 [1991]; *Bailey v Montefiore Med. Ctr.*, 12 AD3d 545 [2004]; *Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580 [2000]), or that Lucent and Nassau were acting as one corporation, as the record demonstrated that Nassau "operated as a fully independent business" (*see Shelley v Flow Intl. Corp.*, 283 AD2d 958 [2001]; *Dennihy v Episcopal Health Servs.*, 283 AD2d 542 [2001]).

However, the Supreme Court nonetheless properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Nassau. "A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]; *see Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). Lucent and Nassau made a prima facie showing of entitlement to judgment as a matter of law by presenting proof that Nassau did not have actual or constructive notice of, and did not create, the wet, soapy condition that allegedly caused the plaintiff's accident. Their submission of the plaintiff's deposition testimony, as well as that of a Lucent employee, established that an independent contractor, who was hired by Lucent to perform janitorial services in the building, created the allegedly dangerous condition by mopping the area in close proximity to the accident site ap-

proximately 5 to 10 minutes prior to the accident. " '[G]eneral-[ly] . . . , one who engages an independent contractor is not liable for the latter's negligence in performance' " (*Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403, 404 [2004], quoting *Pannone v Burke*, 149 AD2d 673, 675 [1989]; *see Chainani v Board of Educ. of City of N.Y.*, 201 AD2d 693, 695-696 [1994]). Thus, Nassau would escape liability even if it, rather than Lucent, employed the contractor, since it would not be liable for any negligence on the contractor's behalf, and the wet, soapy condition did not exist for a length of time sufficient to impute constructive notice to Nassau. In opposition to the showing made by Lucent and Nassau, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contentions are either not properly before this Court or without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.