In an action to recover damages for wrongful death, etc., the defendant IBC Sales Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), dated September 11, 2009, as denied its cross *951 motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant IBC Sales Corporation (hereinafter IBC Sales) owned a bakery thrift store in Ozone Park (hereinafter the thrift store). At the thrift store, IBC Sales distributed and sold bread and snack cakes produced by nonparty Interstate Brands Corporation (hereinafter Brands). IBC Sales is a 100% owned subsidiary of Brands. Brands had previously owned the thrift store, but “contributed” it to IBC Sales in 2004.
On September 24, 2005, the plaintiffs decedent was working at the thrift store when “John Doe,” an unidentified male, entered the store, and shot and killed the plaintiffs decedent, an employee of Brands assigned to work in the thrift store. Brands paid the plaintiffs decedent’s salary.
According to an affidavit executed by an officer and vice-president of Brands who was also the vice-president of IBC Sales, Brands and IBC Sales executed a “Master Management/ Employment Services Agreement” (hereinafter the Agreement), dated December 14, 2005, subsequent to the death of the plaintiffs decedent, which was to be effective as of May 30, 2004, prior to the death of the plaintiffs decedent, pursuant to which Brands, as a general employer, agreed to provide personnel to IBC Sales as special employees and IBC Sales would provide services to Brands. The Agreement further stated that both IBC Sales and Brands intended that when special employees were working for IBC Sales, such persons would be “considered special or borrowed employees,” but when an employee of Brands was not working for IBC Sales, Brands would provide direction and control. The Agreement also provided that Brands was to provide all compensation to IBC Sales’s special employees.
In his affidavit, Brands’s human resources manager attested that a number of Brands’s staff worked at the thrift store, and the plaintiffs decedent was such an employee.
The plaintiff, the decedent’s wife, filed a claim for benefits with the New York State Workers’ Compensation Board, which found that the plaintiffs decedent suffered a work-related death, and directed Brands’s workers’ compensation insurer to pay benefits to the plaintiff.
The plaintiff thereafter commenced this action against IBC Sales, among others, seeking damages, inter alia, for wrongful death. The plaintiff moved to dismiss IBC Sales’s workers’ *952 compensation-based affirmative defenses, and IBC Sales cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court denied both the motion and the cross motion. IBC Sales appeals from so much of the order as denied its cross motion.
The Supreme Court properly determined that IBC Sales failed to meet its burden in establishing its prima facie entitlement to judgment as a matter of law premised upon the exclusivity provision of the Workers’ Compensation Law (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
“If a corporation is the alter ego of or the joint venturer with the injured plaintiff’s employer, and/or the corporate veil between the employer and the defendant should be pierced, then workers’ compensation is the plaintiff’s exclusive remedy against the corporation” (Romano v Curry Auto Group, 301 AD2d 509, 510 [2003]). “In order for corporations to be considered alter egos, ‘there must be direct intervention by the parent in the management of the subsidiary to such an extent that “the subsidiary’s paraphernalia of incorporation, directors and officers” are completely ignored’ ” (Allen v Oberdorfer Foundries, 192 AD2d 1077, 1078 [1993], quoting Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163 [1980]). Here, a question of fact exists as to whether IBC Sales is an “alter ego” of Brands (see Alini v Lucent Tech., Inc., 59 AD3d 471, 472 [2009]; Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 964-965 [2003]; Cruceta v Funnel Equities, 286 AD2d 747, 748 [2001]).
In addition, IBC Sales failed to establish as a matter of law that the plaintiffs decedent was its special employee (see Alini v Lucent Tech. Inc., 59 AD3d at 472). “A special employee is . . . one who is transferred for a limited time of whatever duration to the service of another” (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]). “[A] person’s categorization as a special employee is usually a question of fact” (id. at 557). Many factors are considered in determining if a special employment relationship exists, such as who controls and directs the manner, details, and ultimate result of the employee’s work, and whether the employee was aware of and consented to the special employment relationship, although no one factor is determinative (id.; see Bernier v Gabriel Contr., 6 AD3d 369, 371 [2004]; D’Amato v Access Mfg., 305 AD2d 447, 448 [2003]). Here, IBC Sales failed to submit any evidence as to which entity directed the manner, details, and ultimate result of the plaintiffs decedent’s work, or that the plaintiffs decedent was aware of and consented to the arrangement. Moreover, the *953 Agreement, enacted subsequent to the plaintiffs decedent’s death, failed to establish that a special employment relationship existed as a matter of law at the time of the plaintiffs decedent’s death. Accordingly, the Supreme Court properly denied IBC Sales’s cross motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.