Order, Supreme Court, New York County (Joan B. Lobis, J.), entered December 18, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
On May 1, 2007, the decedent, Florence Lawler, was admitted to Mt. Sinai Hospital with a brain hemorrhage and fell into a coma. Mrs. Lawler had received an artificial mitral valve replacement (MVR) some 17 years earlier, for which she was taking Coumadin. According to plaintiff and his expert, Mrs. Lawler took the antibiotic ampicillin prior to any procedure, to prevent infections, due to the MVR.
On or about May 10, 2007, an unidentified physician advised Mrs. Lawler’s husband, now the administrator of plaintiff estate *621 (plaintiff), that Mrs. Lawler needed a percutaneous endoscopic gastronomy procedure (PEG), the insertion of a feeding tube through the abdomen into the stomach, so that she could receive nutrients. On May 10, 2007, plaintiff, assured that he would be able to speak to the doctor in more detail later, signed a “permission sheet” form. The form stated that the treatment/operation/ procedure was to include a “PEG.” However, the patient’s name, the name of the doctor who was to perform the procedure, and the name of the doctor who was to explain the procedure were left blank.
On May 14, 2007, the PEG procedure was performed. Plaintiff claims that, had he been advised what “PEG” was, what it entailed, and when the procedure was to take place, he would have alerted the surgeon as to the ampicillin required before Mrs. Lawler’s procedure. Mt. Sinai’s medical records conflict with respect to whether ampicillin and/or other antibiotics were given timely before the procedure.
Three days after the PEG procedure, Mrs. Lawler contracted a Methicillin Resistant Staphylococcus Aureus (MRSA) infection. After suffering several more strokes while at Mt. Sinai, on June 6, 2007, Mrs. Lawler died.
Mt. Sinai demonstrated its prima facie entitlement to summary judgment. Its expert reviewed the medical records, and opined that the medical staff at Mt. Sinai did not depart from the standard of care, in that a strong antibiotic, vancomycin, the standard for treating a MRSA infection was provided to Mrs. Lawler for the first two days of her stay at Mt. Sinai, and again after she acquired MRSA (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]).
However, plaintiff raised a triable issue of fact as to departure from the standard of care and lack of informed consent. At the outset, plaintiff’s expert, a neuroradiologist, was qualified to render an opinion as to Mt. Sinai’s standard of care and treatment of Mrs. Lawler. Contrary to Mt. Sinai’s assertion, plaintiffs expert “ ‘need not be a specialist in a particular field if he nevertheless possesses the requisite knowledge necessary to make a determination on the issues presented,’ ” the issue of his or her qualifications to render such opinion must be left to trial, as this goes to the weight rather than the admissibility of his testimony (Limmer v Rosenfeld, 92 AD3d 609, 609 [1st Dept 2012]; Williams v Halpern, 25 AD3d 467 [1st Dept 2006]).
Plaintiff relied on the evidence that, while Mt. Sinai’s records stated that ampicillin was given “prior to procedure,” its records also stated that ampicillin was administered only 11 minutes before the procedure, and another antibiotic, gentami *622 cin, was administered 20 minutes after the procedure. Plaintiffs expert opined that since ampicillin would not achieve its salutary effect until after one hour, good practice required giving the antibiotic an hour before incision, and that the timing resulted in infection and contributed to the subsequent conditions, thus raising an issue of fact as to whether the PEG procedure caused the MRSA infection (see Masucci v Feder, 196 AD2d 416, 421-422 [1st Dept 1993]).
While plaintiffs expert did not specifically address lack of informed consent in his affidavit, the opinions made therein concerning proximate causation, combined with plaintiffs testimony and the plain insufficiency of the “permission form,” demonstrate a showing of the “insufficiency of the information disclosed to . . . plaintiff’ (see Orphan v Pilnik, 15 NY3d 907, 908 [2010]; Public Health Law § 2805-d [1], [3]).
Concur— Richter, J.P, Manzanet-Daniels, Clark and Kapnick, JJ.