GARY ZUPAN, Appellant, v IRWIN CONTRACTING, INC., et al., Respondents, et al., Defendants. [43 NYS3d 113]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered October 8, 2014, as granted those branches of the separate motions of the defendant Irwin Contracting, Inc., and the defendant Liro Program and Construction Management, PE, P.C., which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Irwin Contracting, Inc., which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the

order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Irwin Contracting, Inc., and one bill of costs to the defendant Liro Program and Construction Management, PE, P.C., payable by the plaintiff.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained as a result of a workplace accident that occurred on a construction site. The accident occurred when the plaintiff was carrying a 30-foot long, 200-pound steel rafter beam on his shoulders. As he bent to lower the rafter, he heard his knee "pop," causing him to fall to the ground and injure his knee. The complaint alleged, inter alia, a violation of Labor Law § 200 and common-law negligence against the general contractor, Irwin Contracting, Inc. (hereinafter Irwin), and against the construction manager, Liro Program and Construction Management, PE, P.C. (hereinafter Liro). At the time of the accident, the plaintiff was employed by nonparty Vision 4, Inc., a subcontractor to Irwin. The Supreme Court granted those branches of the separate motions of Irwin and Liro which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and common-law negligence insofar as asserted against each of them. The plaintiff appeals.

The Supreme Court properly determined that Liro was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it. Where, as here, the plaintiff's injuries are due to an alleged defect or dangers in the means or methods of how the work was performed, then recovery against a defendant "cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Torres v St. Francis Coll.*, 129 AD3d 1058, 1061-1062 [2015]). Liro demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that it had no authority to supervise or control the performance of the plaintiff's work. Liro's evidence demonstrated that, at most, it had merely general supervisory authority insufficient to impose liability under Labor Law § 200 and common-law negligence (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Sandals v Shemtov*, 138 AD3d 720, 721-722 [2016]; *Banscher v Actus Lend Lease, LLC*, 132 AD3d 707, 709-710 [2015]; *O'Connor v Spencer [1997] Inv. Ltd. Partnership*, 2 AD3d 513, 515 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact

(*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Sandals v Shemtov*, 138 AD3d at 721-722).

The Supreme Court erred, however, in determining that Irwin was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims against it. The evidence submitted by Irwin in support of its summary judgment motion demonstrated that Irwin supervisors were present at the construction site every day supervising the work, and that these supervisors gave the plaintiff his daily work assignments. The plaintiff testified at his deposition, a transcript of which was submitted in support of Irwin's motion, that on the date of the accident, an Irwin supervisor assigned him to the task of moving the rafters, unassisted, and instructed the plaintiff to retrieve specific equipment in furtherance of the task. When the plaintiff complained to the supervisor about the manner in which the work was to be performed, the supervisor told him to "just do it." Conversely, in the deposition testimony of Irwin's president, also submitted by Irwin in support of its motion, it was asserted that Irwin supervisors did not have the authority to direct the manner in which the plaintiff performed his work; that authority was left solely to a subcontractor, Vision 4, Inc., the plaintiff's direct employer. Thus, Irwin failed to eliminate triable issues of fact as to whether Irwin had the authority to supervise and control the manner in which the plaintiff performed his work (*see Kosinski v Brendan Moran Custom Carpentry, Inc.*, 138 AD3d 935, 937 [2016]; *Seferovic v Atlantic Real Estate Holdings, LLC*, 127 AD3d 1058, 1060-1061 [2015]; *Cruz v Cablevision Sys. Corp.*, 120 AD3d 744, 747-748 [2014]). Additionally, the evidence submitted by Irwin raised a question of fact as to whether it was negligent to have only one person perform the task of carrying a 30-foot long, 200-pound steel rafter beam. Thus, Irwin failed to eliminate triable issues of fact as to whether it was negligent in the happening of the accident (*see Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]).

Irwin's submissions also failed to establish, prima facie, that the plaintiff was its special employee for the purpose of precluding the claims under the Workers' Compensation Law. In furtherance of this argument, which was raised in the alternative, Irwin contended that the evidence demonstrated that it had exclusive control over the plaintiff's work. Pursuant to Workers' Compensation Law §§ 11 and 29 (6), an employee injured during the course of his employment is limited to recovering Workers' Compensation benefits, and is not entitled to bring an action against the employer. This exclusive remedy

rule also applies to a "special employee," defined as "one who is transferred for a limited time of whatever duration to the service[s] of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Whether a special employment relationship exists is generally an issue of fact (*see id.*; *D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]), and requires consideration of many factors, the most of important of which is who directs and controls the manner, details, and ultimate result of the employee's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *Martin v Baldwin Union Free School Dist.*, 271 AD2d 579, 580 [2000]). Additionally, the employee must have had knowledge of, and consented to, the special employment relationship (*see Murray v Union Ry. Co. of N.Y. City*, 229 NY 110, 113 [1920]; *Bernier v Gabriel Contr.*, 6 AD3d 369, 371 [2004]; *D'Amato v Access Mfg.*, 305 AD2d at 448; *Shelley v Flow Intl. Corp.*, 283 AD2d 958, 959-960 [2001]; *see also Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558-559). As discussed above, the evidence submitted by Irwin raised a triable issue of fact as to whether Irwin had the authority to supervise and control the manner in which the plaintiff performed his work. Likewise, the evidence submitted by Irwin raised a triable issue of fact as to whether Irwin had the "*exclusive* right to control and direct the manner, details, and ultimate result" of the plaintiff's work, such that a special employment relationship was created (*Martin v Baldwin Union Free School Dist.*, 271 AD2d at 580 [emphasis added]). Additionally, Irwin failed to submit evidence demonstrating that the plaintiff had knowledge of, and consented to, a special employment relationship (*see Bernier v Gabriel Contr.*, 6 AD3d at 371; *D'Amato v Access Mfg.*, 305 AD2d at 448; *cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558-559). Consequently, Irwin failed to eliminate triable issues of fact as to whether the plaintiff was a special employee, for the purpose of precluding the claims under the Workers' Compensation Law.

As Irwin failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied those branches of Irwin's motion which were for summary judgement dismissing the Labor Law § 200 and common-law negligence claims asserted against it. Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.