SQN Asset Servicing, LLC v Shunfeng Intl. Clean Energy Ltd. (2021 NY Slip Op 06786)





SQN Asset Servicing, LLC v Shunfeng Intl. Clean Energy Ltd.


2021 NY Slip Op 06786


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 652604/17 Appeal No. 14753-14753A Case No. 2021-00788 2021-01154 

[*1]SQN Asset Servicing, LLC, Plaintiff-Respondent,
v
Shunfeng International Clean Energy Ltd., Defendant-Appellant.


Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for appellant.
Mayer Brown LLP, New York (Christopher J. Houpt and Michael L. Lindinger of the bar of the District of Columbia and State of Illinois, admitted pro hac vice, of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered
March 3, 2021, in plaintiff's favor, unanimously reversed, on the law, without costs, and the judgment vacated. Order, same court and Justice, entered February 23, 2021, to the extent it denied defendant's motions for summary judgment and to exclude the testimony of plaintiff's expert, unanimously affirmed, without costs, and appeal therefrom to the extent it granted plaintiff's motion for summary judgment dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.
Material issues of fact exist as to whether defendant, a guarantor of a loan made by plaintiff to defendant's subsidiary, a nonparty entity, is entitled to offsets of the balance due and whether defendant remained obligated to plaintiff at all (see SQN Asset Servicing, LLC v Shunfeng Intl. Clean Energy, Ltd., 180 AD3d 626 [1st Dept 2020]). Plaintiff failed to demonstrate as a matter of law that the bankruptcy plan of reorganization and the settlement agreement between plaintiff and the nonparty entity, to which defendant was not a party, had no effect on defendant's obligations under the guaranty.
Issues of fact also exist as to whether the foreclosure sale of the collateral was commercially reasonable and whether plaintiff overcame the rebuttable presumption that the auction would have generated an amount equal to the secured obligation, expenses and attorneys' fees under UCC 9-626. In granting plaintiff summary judgment, the court improperly assessed the credibility of the claims asserted by the parties rather than limiting itself to determining whether material issues of fact existed (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
The court properly denied defendant's motion to exclude the testimony of plaintiff's expert. Defendant's objections to the qualifications and conclusions of the expert go to the weight and not the admissibility of the expert's testimony (see e.g. Williams v Halpern, 25 AD3d 467, 468 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021