Matter of Kenneth A.S. v Jennice C. (2022 NY Slip Op 01132)





Matter of Kenneth A.S. v Jennice C.


2022 NY Slip Op 01132


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Docket No. V-13278-17, V-13278-18C, V-13278-19D Appeal No. 15090 Case No. 2021-02267 

[*1]In the Matter of Kenneth A.S., Petitioner-Respondent,
v
Jennice C., Respondent-Appellant. 


Sandra M. Colatosti, Albany, for appellant.
Kenneth A. S., respondent pro se.
Daniel X. Robinson, New York, attorney for the child.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about May 25, 2021, which denied respondent mother's motion to vacate an order of custody, same court and Referee, entered on or about June 13, 2019, awarding petitioner father sole legal and physical custody of the subject child, upon default, unanimously reversed, on the law and facts, without costs, the motion granted, and the matter remanded for further proceedings consistent with this decision.
Family Court improvidently exercised its discretion in denying the motion to vacate the mother's default. To begin, the motion was timely under the Executive Order then in effect, which extended the time limitations for filing motions (Executive Order [A. Cuomo] No. 202.67, 9 NYCRR 8.202.67). Further, the mother's moving papers provided both a reasonable excuse for her default and a meritorious defense to the father's modification petition (see Matter of Tyrone F. v Mariah O., 165 AD3d 433, 433 [1st Dept 2018]). The mother showed a reasonable excuse for her default; namely, that she never received notice of the New York custody modification proceeding. Indeed, the father's does not dispute that his attorney did not file an affidavit of service for his modification petition and order to show cause and there is no other evidence in the record before us establishing that the mother or her attorney were served with those documents. Although the father's attorney maintained that "[service] did happen," she herself acknowledged that Emilio Rodriguez, Esq., the attorney who represented the mother in related proceedings, "ha[d] been requested to be relieved as counsel because he was not, I guess, retained for the new matter." The transcript of the hearing held on the return date of the father's petition does not list Mr. Rodriguez as having been present, nor do the Universal Case Management System notes. In fact, it is not clear whether anyone, including Mr. Rodriguez, even knew where the mother was living when the father commenced the proceeding.
In addition, in her affidavit in support of the motion to vacate the default, the mother argues that modification of custody is not in the child's best interest, that she did not prevent the father from visiting the child as alleged, that the father has acted contrary to the child's best interest and in violation of the consent custody order by
refusing to return the child after a visit, and that uprooting the child from her home with the mother would be detrimental to the child. These arguments are sufficient to state a meritorious defense.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022