Gooden v New York City Health & Hosps. Corp. (2023 NY Slip Op 02868)

Gooden v New York City Health & Hosps. Corp.

2023 NY Slip Op 02868

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2021-04805
 (Index No. 707564/17)

[*1]Simone Dionne Gooden, appellant,
v
New York City Health and Hospitals Corporation, etc., respondent, et al., defendants.

Sgouras Law Firm, PLLC, Astoria, NY (Athanasios Tommy Sgouras of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Susan Paulson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated June 16, 2021. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated February 17, 2021, granting the unopposed motion of the defendant New York City Health and Hospitals Corporation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated June 16, 2021, is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated February 17, 2021 is granted.
As set forth in our decision and order on a related appeal (see Gooden v New York City Health & Hosps. Corp., ____ AD3d ____ [Appellate Division Docket No. 2019-09465; decided herewith]), the plaintiff commenced this action to recover damages she allegedly sustained in an incident that occurred while she was working as a certified nursing assistant at a hospital operated by the defendant New York City Health and Hospitals Corporation, incorrectly sued herein as New York City Health and Hospitals Corporation, NYC HHC Elmhurst Hospital Center (hereinafter NYCHHC). At the time, the plaintiff was employed by nonparty Horizon Healthcare Staffing, and assigned to work at the subject hospital. The plaintiff alleges that, while performing her duties, she was assaulted by a hospital patient and sustained serious injuries. In addition to NYCHHC, the complaint names the alleged assailant, Dennis Downing, as a defendant.
In February 2020, NYCHHC moved for summary judgment dismissing the complaint insofar as asserted against it (hereinafter the summary judgment motion). The summary judgment motion was returnable on March 25, 2020. On March 20, 2020, former Governor Andrew M. Cuomo signed the first of a series of Executive Orders tolling certain motion deadlines until November 3, 2020, due to the COVID-19 pandemic emergency (see 9 NYCRR 8.202.8, 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72). The summary judgment motion was then administratively adjourned until July 7, 2020, and then September 8, [*2]2020.
In May 2020, the plaintiff moved, inter alia, to stay the submission of the summary judgment motion pending hearing and determination of the plaintiff's appeal from an order of the Supreme Court dated June 27, 2019 (see Gooden v New York City Health & Hosps. Corp., ____ AD3d ____), or, in the alternative, to enlarge the time to file papers in opposition to the summary judgment motion. By order dated February 16, 2021, the Supreme Court denied the motion, inter alia, for a stay.
By order dated February 17, 2021, the Supreme Court granted the unopposed summary judgment motion. The plaintiff then moved pursuant to CPLR 5015(a)(1) to vacate the order dated February 17, 2021. The court denied the motion, and the plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must submit evidence in admissible form establishing both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716; HSBC Bank USA N.A. v Nuteh 72 Realty Corp., 70 AD3d 998, 999; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554).
Here, the plaintiff set forth a reasonable excuse for the default in opposing the summary judgment motion. That motion was returnable after the effective date of the initial Executive Order that tolled certain deadlines (see CPLR 2214[b]). The summary judgment motion was administratively adjourned, and then marked submitted in September 2020, prior to the expiration of the subject Executive Orders. Under these circumstances, the plaintiff set forth a reasonable excuse for her failure to oppose the summary judgment motion prior to that submission date (see Willner v S Norsel Realties LLC, 206 AD3d 545; Matter of Kenneth A.S. v Jennice C., 202 AD3d 606; see also Hatta v ZBS Group LLP, 209 AD3d 459).
In addition, the plaintiff set forth a potentially meritorious opposition to the summary judgment motion. NYCHHC sought summary judgment based, inter alia, on the special employer defense pursuant to Workers' Compensation Law §§ 11, 29. The record demonstrates the existence of potential issues of fact related to that defense (see Zupan v Irwin Contr., Inc., 145 AD3d 715, 718; Holmes v Business Relocation Servs., Inc., 117 AD3d 468, 469). The record also demonstrates the existence of potential issues of fact as to whether NYCHHC had prior notice of aggressive or violent propensities on the part of Downing (see Ciccone v City of New York, 138 AD3d 910, 911; see also Khosrova v Hampton Bays Union Free Sch. Dist., 99 AD3d 669, 671).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated February 17, 2021 (see Hatta v ZBS Group LLP, 209 AD3d at 459; Willner v S Norsel Realties LLC, 206 AD3d at 545-546; Matter of Kenneth A.S. v Jennice C., 202 AD3d at 607).
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court