WILLIAM LONGSHORE, Appellant, v PAUL DAVIS SYSTEMS OF THE CAPITAL DISTRICT, Respondent, et al., Defendant. [759 NYS2d 204] —Kane, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 10, 2002 in Albany County, which, inter alia, denied plaintiff's cross motion for partial summary judgment.

In the summer of 1999, plaintiff worked as a painter for defendant Certa ProPainters of the Capital District, Inc. (hereinafter Certa) through a temporary employment agency. Defendant Paul Davis Systems of the Capital District (hereinafter defendant), a general contractor, subcontracted with Certa for Certa to perform the painting portion of the restoration of a house. On July 7, 1999, plaintiff was on a ladder that was 20 feet off the ground on a roof slope, and which was held in place by a rope tied to another ladder laying on the other side of the roof's peak. The rope holding the ladder broke, sending both plaintiff and the ladder to the pavement below. To recover for injuries sustained as a result of his fall, plaintiff commenced this action against Certa and defendant alleging, among other things, violations of Labor Law § 240. Certa moved for summary judgment dismissing plaintiff's claims against it, claiming that workers' compensation was plaintiff's exclusive remedy because plaintiff was a special employee of

Certa. Defendant cross-moved for summary judgment, also on the ground of Workers' Compensation Law exclusivity. Plaintiff cross-moved for partial summary judgment on several grounds. Finding that plaintiff was a special employee of Certa, Supreme Court granted Certa's motion. However, it denied plaintiff's and defendant's motions, finding issues of fact regarding whether defendant was plaintiff's employer, possibly entitling defendant to protection under Workers' Compensation Law §§ 11 and 29. Supreme Court did not reach the issue of whether plaintiff was entitled to summary judgment on his Labor Law § 240 claim. Plaintiff now appeals and, as limited by his brief, claims error with only that portion of the order relating to defendant.

Defendant argues that plaintiff was its employee and that his exclusive remedy should be workers' compensation benefits pursuant to Workers' Compensation Law §§ 11 and 29. Douglas Comer was defendant's president and sole officer and Certa's vice-president, and he and his wife were the only shareholders of both corporations. Despite Comer's involvement with both corporations, there was no proof that the two entities were alter egos of each other.

Closely associated corporations, even ones that share directors and officers, will not be considered alter egos of each other if they were formed for different purposes, neither is a subsidiary of the other, their finances are not integrated, assets are not commingled, and the principals treat the two entities as separate and distinct (see *Wernig v Parents & Bros. Two*, 195 AD2d 944, 945-946 [1993]). Comer's and his wife's testimony established that defendant is a corporation formed to perform insurance restoration repair and general remodeling, while Certa was formed as a franchisee to do basic residential painting. Each corporation had its own bank accounts, different individuals kept the financial records of each corporation, and Certa paid rent to defendant by check for leasing part of its office space. In addition, while defendant subcontracted some painting jobs to Certa, the majority of Certa's work was not secured through defendant, but through direct mail solicitations and referrals. Employees of Certa, not defendant, hired and supervised plaintiff and provided equipment for the job. "The individual princip[als] in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from * * * common-law tort liability" (*Buchner v Pines Hotel*, 87 AD2d

691, 692 [1982], *affd* 58 NY2d 1019 [1983]; *see Armstrong v Foxcroft Nurseries*, 283 AD2d 814, 815 [2001]).

We find no facts to support defendant's claim that it is an alter ego of Certa (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It necessarily follows that defendant was not plaintiff's employer and is not entitled to the protection afforded by Workers' Compensation Law §§ 11 and 29. Therefore, that portion of plaintiff's cross motion seeking dismissal of defendant's affirmative defense should have been granted.

Based on its denial of summary judgment and finding that questions of fact existed, Supreme Court did not reach plaintiff's request for summary judgment on his Labor Law § 240 claim. "Labor Law § 240 (1) imposes absolute liability upon contractors, owners and their agents for injuries proximately caused by a failure to provide 'proper protection' under circumstances where an elevation differential places workers at risk" (*Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 960 [1992] [citation omitted]; *see Bland v Manocherian*, 66 NY2d 452, 459 [1985]). Courts generally consider it a question of fact whether the safety devices supplied provide proper protection within the meaning of Labor Law § 240, but a prima facie case is established as a matter of law "where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials" (*Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]; *see Squires v Marini Bldrs.*, 293 AD2d 808 [2002], *lv denied* 99 NY2d 502 [2002]; *Olson v Pyramid Crossgates Co.*, 291 AD2d 706 [2002]). Once it is determined that a ladder or other safety device collapsed out from under the worker, the burden then shifts to the defendant to submit evidence raising factual issues, or an acceptable excuse, regarding its failure to provide proper protection (*see Squires v Marini Bldrs., supra* at 809).

Plaintiff here was injured when the rope holding his ladder to another ladder, neither of which touched the ground or was otherwise secured, broke, causing him to fall from a roof. On the motion before Supreme Court, plaintiff established a prima facie case and defendant offered no excuse for failing to provide proper safety devices. Under the circumstances, plaintiff is entitled to summary judgment against defendant on his Labor Law § 240 (1) claim.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for summary judgment (1) dismissing the affirmative defense of defendant Paul Davis Systems of the Capital District

and (2) on his Labor Law § 240 (1) cause of action against said defendant; cross motion granted to that extent and said affirmative defense dismissed; and, as so modified, affirmed.