RIKI SAMUEL et al., Appellants, v FOURTH AVENUE ASSOCIATES, LLC, Respondent. [906 NYS2d 67]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), entered April 10, 2009, as, upon renewal, in effect, vacated a prior order of the same court dated January 9, 2009, denying the defendant's motion for summary judgment dismissing the complaint, and thereupon granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal, the order dated January 9, 2009, denying the defendant's motion for summary judgment dismissing the complaint is adhered to.

The protection against lawsuits brought by injured workers

which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff (*see Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d 522, 522-523 [2008]; *Hageman v B & G Bldg. Servs., LLC*, 33 AD3d 860, 861 [2006]). A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity (*see Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d at 523; *Ortega v Noxxen Realty Corp.*, 26 AD3d 361, 362 [2006]; *Crespo v Pucciarelli*, 21 AD3d 1048, 1049-1050 [2005]; *Thompson v Bernard G. Janowitz Constr. Corp.*, 301 AD2d 588 [2003]; *Dennihy v Episcopal Health Servs.*, 283 AD2d 542, 543 [2001]; *Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [2001]). However, a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other (*see Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474, 475 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]; *Rosenburg v Angiuli Buick*, 220 AD2d 654, 655 [1995]). Here, because the defendant failed to make a prima facie showing either that it and the plaintiff's employer operated as a single integrated entity or that either company controlled the day-to-day operations of the other, the Supreme Court erred in awarding the defendant summary judgment dismissing the complaint on the basis that it was the alter ego of the plaintiff's employer (*see Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d at 475; *Constantine v Premier Cab Corp.*, 295 AD2d at 304; *Rosenburg v Angiuli Buick*, 220 AD2d at 655; *but see Anduaga v AHRC NYC New Projects, Inc.*, 57 AD3d 925 [2008]).

We also reject the defendant's contention that the plaintiff was its "special employee." It has long been established that a worker "may be in the general employment of one master and the special employment of another" (*Murray v Union Ry. Co. of N.Y. City*, 229 NY 110, 112-113 [1920]). Such a relationship is formed where a worker is "transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Although "no one [factor] is decisive," the question of "who controls and directs the manner, details and ultimate result of the employee's work" is a "significant and weighty feature" of the analysis (*id.* at 558). In analyzing the question of special employment, the "[e]ssential" question is whether there is a "working relationship with the injured plaintiff sufficient in kind and degree so that the third party, or the third party's employer, may be

deemed plaintiff's employer" (*Fung v Japan Airlines Co., Ltd.,* 9 NY3d 351, 359 [2007]). Where a defendant establishes that a plaintiff is its special employee, it may then claim the protection of workers' compensation exclusivity (*see Graziano v 110 Sand Co.,* 50 AD3d 635, 637 [2008]).

Here, the defendant failed to make a prima facie showing that it controlled the plaintiff's work or that the plaintiff was its special employee on another theory (*see Fung v Japan Airlines Co., Ltd.,* 9 NY3d at 359; *Thompson v Grumman Aerospace Corp.,* 78 NY2d at 558; *Degale-Selier v Preferred Mgt. & Leasing Corp.,* 57 AD3d 825, 826 [2008]; *Ugijanin v 2 W. 45th St. Joint Venture,* 43 AD3d 911, 913 [2007]). Accordingly, this contention does not supply an alternative ground for affirming the Supreme Court's order (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]). Skelos, J.P., Eng, Hall and Lott, JJ., concur.