■ Zhiwei Mao et al., Respondents, v Krantz & Levinson Realty Corp., Appellant. [985 NYS2d 893]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), entered June 11, 2013, which, in effect, denied that branch of its motion which was for summary judg-

ment dismissing the complaint on the ground that it was the alter ego of the injured plaintiff's employer.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint on the ground and that it was the alter ego of the injured plaintiff's employer. The defendant alleged that it was the alter ego of the injured plaintiff's employer, and, thus, that it was entitled to the protections against lawsuits afforded employers by Workers' Compensation Law §§ 11 and 29 (6). However, the defendant failed to establish, prima facie, that it was the alter ego of the injured plaintiff's employer. Rather, the defendant merely showed that the two entities are related, which is insufficient, since it did not demonstrate that one of the entities controls the day-to-day operations of the other (*see Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]; *Dennihy v Episcopal Health Servs.*, 283 AD2d 542, 543 [2001]).

The Supreme Court did not address that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the injured plaintiff was its special employee. Thus, that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542 [1979]). Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.