■ ANDREW MCDONALD, Appellant, v WINTER BROS. TRANSFER STATION CORP., Respondent. [992 NYS2d 568]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 6, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"The protection against lawsuits by injured workers that is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities that are alter egos of the entity which employs the plaintiff" (*Quizhpe v Luvin Constr. Corp.*, 103 AD3d 618, 618-619 [2013]; *see Batts v IBEX Constr., LLC*, 112 AD3d 765, 766 [2013]; *Andrade v Brookwood Communities, Inc.*, 97 AD3d 711, 711 [2012]). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (*Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619; *see Batts v IBEX Constr., LLC*, 112 AD3d at 766; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]).

Here, the defendant established, prima facie, a defense under the Workers' Compensation Law by demonstrating that it and the plaintiff's employer, the nonparty Winter Bros. Waste Systems, Inc., operate as a single integrated entity (*see Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619; *Coonjbeharry v Altone Elec., LLC*, 94 AD3d 1306, 1307-1308 [2012]; *Morato-Rodriguez v Riva Constr. Group, Inc.*, 88 AD3d 549, 549 [2011]; *Anduaga v AHRC NYC New Projects, Inc.*, 57 AD3d 925, 925 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of the foregoing, we need not reach the defendant's remaining contention. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.