In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated May 12, 2014, which granted the defendant’s motion for summary judgment dismissing the complaint and, in effect, denied, as academic, his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is affirmed, with costs.
The plaintiff, employed by nonparty R.L. Baxter Building Corp., allegedly was injured while performing construction work on premises owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, al *872 leging, inter alia, a violation of Labor Law § 240 (1). The defendant moved for summary judgment dismissing the complaint based on the exclusivity defense of the Workers’ Compensation Law (see Workers’ Compensation Law §§ 11, 29 [6]). The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The Supreme Court granted the defendant’s motion and, in effect, denied the plaintiff’s cross motion as academic.
“The protection against lawsuits brought by injured workers which is afforded to employers by Workers’ Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff” (Batts v IBEX Constr., LLC, 112 AD3d 765, 766 [2013]; see Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 618-619 [2013]; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595 [2010]; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 522-523 [2008]). “A defendant moving for summary judgment based on the exclusivity defense of the Workers’ Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff’s employer” (Batts v IBEX Constr., LLC, 112 AD3d at 766; see Quizhpe v Luvin Constr. Corp., 103 AD3d at 619; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d at 522-523; Ortega v Noxxen Realty Corp., 26 AD3d 361, 362 [2006]). “A defendant may establish itself as the alter ego of a plaintiff’s employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity” (Quizhpe v Luvin Constr. Corp., 103 AD3d at 619; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 594-595).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was the alter ego of the plaintiff’s employer, since the two companies operated as a single integrated entity (see Quizhpe v Luvin Constr. Corp., 103 AD3d at 619; Anduaga v AHRC NYC New Projects, Inc., 57 AD3d 925, 925 [2008]; Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522 [2008]; Ortega v Noxxen Realty Corp., 26 AD3d 361 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint and, in effect, denied the plaintiff’s cross motion as academic. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.