Marco Salcedo, Appellant, v Demon Trucking, Inc., Respondent. [44 NYS3d 543]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated August 8, 2014, which granted the defendant's motion for leave to reargue that branch of its prior motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law, which had been denied in an order of the same court dated December 16, 2013, and, upon reargument, vacated that portion of the order dated December 16, 2013, which denied that branch of the prior motion, and thereupon granted that branch of the prior motion.

Ordered that the order dated August 8, 2014, is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion for leave to reargue is denied, and that portion of the order dated December 16, 2013, which denied that branch of the defendant's prior motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law, is reinstated.

The plaintiff, a truck driver, allegedly injured his wrist when he tried to open a bay door of a truck owned by the defendant, Demon Trucking, Inc. (hereinafter Demon). Following the accident, the plaintiff applied for and received workers' compensation benefits under an insurance policy issued to nonparty Windmill Distributing Company, L.P. (hereinafter Windmill), the plaintiff's employer. Subsequently, the plaintiff commenced this action against Demon to recover damages for personal injuries. Demon moved for summary judgment dismissing the complaint, contending, inter alia, that the action was barred by the exclusivity defense of the Workers' Compensation Law because Demon was an alter ego of Windmill.

In an order dated December 16, 2013, the Supreme Court, among other things, denied that branch of Demon's motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law. The court found that triable issues of fact existed as to whether Demon was an alter ego of Windmill. Demon then moved for leave to reargue that branch of its motion. In the order appealed from, the court granted Demon's motion for leave to reargue and, upon reargument, vacated that portion of the order dated December 16, 2013, which denied that branch of Demon's prior motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law, and thereupon granted that branch of the prior motion. We reverse.

"A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (*Ahmed v Pannone*, 116 AD3d 802, 805 [2014] [internal quotation marks omitted]; *see* CPLR 2221 [d] [2]; *Central Mtge. Co. v McClelland*, 119 AD3d 885, 886 [2014]). Here, the Supreme Court improvidently exercised its discretion in granting reargument, as Demon failed to demonstrate that the court overlooked or misapprehend a matter of fact or law in determining that branch of Demon's prior motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Worker's Compensation Law (*see Ahmed v Pannone*, 116 AD3d at 805).

"The protection against lawsuits by injured workers that is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities that are alter egos of the entity which employs the plaintiff" (*Quizhpe v Luvin Constr. Corp.*, 103 AD3d 618, 618-619 [2013]; *see McDonald v Winter*

*Bros. Transfer Sta. Corp.*, 120 AD3d 1315, 1315 [2014]). "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (*Batts v IBEX Constr., LLC*, 112 AD3d 765, 766 [2013]; *see Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (*Quizhpe v Luvin Constr. Corp.*, 103 AD3d at 619; *see Haines v Verazzano of Dutchess, LLC*, 130 AD3d 871, 872 [2015]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 595 [2010]).

Here, Demon failed to make a prima facie showing either that it and Windmill operated as a single integrated entity, or that either company controlled the day-to-day operations of the other. Although Demon presented evidence that the two entities were related and, among other things, shared some officers, Demon's submissions also established that the entities were formed for different purposes, had separate bank accounts, filed separate tax returns, and had different workers' compensation policies. Moreover, Demon's submissions demonstrated that Demon's name was on the cabin doors of Demon's trucks, that one of Demon's employees oversaw the purchase and maintenance of the trucks, and that Demon billed Windmill for its services. Under these circumstances, Demon's submissions failed to eliminate all triable issues of fact as to whether the exclusivity defense of the Workers' Compensation Law bars this action because Demon was an alter ego of Windmill (*see Thomas v Dunkirk Resort Props., LLC*, 101 AD3d 1721, 1722 [2012]; *Soodin v Fragakis*, 91 AD3d 535, 536 [2012]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Shelley v Flow Intl. Corp.*, 283 AD2d 958, 960 [2001]).

Since Demon failed to sustain its prima facie burden, denial of that branch of its motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law was required without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Batts v IBEX Constr., LLC*, 112 AD3d at 767). Accordingly, the Supreme Court did not overlook or misapprehend any matter of fact or law in denying that branch of Demon's motion in the December 16, 2013, order, and Demon's motion for leave to reargue should have been denied (*see Ahmed v Pannone*, 116 AD3d at 806).

The plaintiff's remaining contention, which is based on new factual allegations, is improperly raised for the first time on appeal (*see Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933, 934 [2014]) and, in any event, is academic in light of our determination. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.