■ JACKIE MOSES, Appellant, v B & E LORGE FAMILY TRUST, Defendant, and CLEAN RITE CENTERS-FLATBUSH AVENUE, LLC, Respondent. [48 NYS3d 231]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 9, 2015, as granted the motion of the defendant Clean Rite Centers-Flatbush Avenue, LLC, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Clean Rite Centers-Flatbush Avenue, LLC, in effect, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly fell and sustained injuries as a result of a defective flooring condition while working as an overnight maintenance man at a laundromat in Brooklyn. He commenced this action to recover damages for personal injuries against the owner of the premises, as well as the holder of a lease for the premises, the defendant Clean Rite Centers-Flatbush Avenue, LLC (hereinafter CRC-Flatbush).

At the time of the accident, the plaintiff was employed by nonparty CRC-Management Co., LLC (hereinafter CRC-Management), and, after the accident, he sought Workers' Compensation benefits from CRC-Management. CRC-Flatbush moved, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff's causes of action were barred by the exclusive remedy provisions of the Workers' Compensation Law. Among other things, CRC-Flatbush argued that it was "part of a single integrated entity" along with CRC-Management since they were both subsidiaries of nonparty Clean Rite Centers, LLC. The Supreme Court granted the motion, and the plaintiff appeals.

"The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29 (6) also extends to entities which are alter egos of the entity which employs the plaintiff" (*Batts v IBEX Constr., LLC*, 112 AD3d 765, 766 [2013]; *see Haines v Verazzano of Dutchess, LLC*, 130 AD3d 871, 872 [2015]; *cf. Smith v Roman Catholic Diocese of Syracuse*, 252 AD2d 805, 806 [1998]). "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (*Batts v IBEX Constr., LLC*, 112 AD3d at 766; *see Haines v Verazzano of Dutchess, LLC*, 130 AD3d at 872). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (*Haines v Verazzano of Dutchess, LLC*, 130 AD3d at 872 [internal quotation marks omitted]; *see Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595 [2010]).

However, "a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of

the entities controls the day-to-day operations of the other" (*Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *see Batts v IBEX Constr., LLC*, 112 AD3d at 767; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]). Here, CRC-Flatbush failed to make a prima facie showing either that it and the plaintiff's employer, CRC-Management, operated as a single integrated entity, or that either company controlled the day-to-day operations of the other (*see Zhiwei Mao v Krantz & Levinson Realty Corp.*, 117 AD3d 944, 945 [2014]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595; *Hughes v Solovieff Realty Co., L.L.C.*, 19 AD3d 142, 143 [2005]; *Constantine v Premier Cab Corp.*, 295 AD2d at 304; *see also Almonte v Western Beef, Inc.*, 21 AD3d 514, 515-516 [2005]). Accordingly, the Supreme Court should have denied CRC-Flatbush's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was the alter ego of the plaintiff's employer, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.