Sanchez v 3180 Riverdale Realty, LLC (2018 NY Slip Op 05347)





Sanchez v 3180 Riverdale Realty, LLC


2018 NY Slip Op 05347


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-12519
 (Index No. 51268/15)

[*1]Jose Sanchez, appellant, 
v
3180 Riverdale Realty, LLC, respondent.


Melcer Newman, PLLC (Beth S. Gereg, Smithtown, NY, and Jeffrey B. Melcer, of counsel), for appellant.
DeAngelis & Hafiz, Mount Vernon, NY (Talay Hafiz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated September 28, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff, employed by nonparty Badaly & Badaly Construction (hereinafter B & B Construction), allegedly was injured while performing construction work on premises owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). The defendant moved for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). The Supreme Court granted the defendant's motion.
The protection against lawsuits brought by injured workers that is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities that are alter egos of the entity that employs the injured workers (see Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1047; Salcedo v Demon Trucking, Inc., 146 AD3d 839, 841; Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872; Batts v IBEX Constr., LLC, 112 AD3d 765, 766). "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law [*2]under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (Batts v IBEX Constr., LLC, 112 AD3d at 766; see Moses v B & E Lorge Family Trust, 147 AD3d at 1047; Salcedo v Demon Trucking, Inc., 146 AD3d at 841; Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872 [internal quotations marks and citations omitted]; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595). However, "a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595; see Batts v IBEX Constr., LLC, 112 AD3d at 767; Constantine v Premier Cab Corp., 295 AD2d 303, 304).
Here, the defendant failed to make a prima facie showing either that the plaintiff's employer, B & B Construction, and the defendant operated as a single integrated entity, or that either company controlled the day-to-day operations of the other (see Moses v B & E Lorge Family Trust, 147 AD3d at 1047; Zhiwei Mao v Krantz & Levinson Realty Corp., 117 AD3d 944, 945; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595; Degale-Selier v Preferred Mgmt. & Leasing Corp., 57 AD3d 825, 826; Masley v Herlew Realty Corp., 45 AD3d 653, 654). The plaintiff was employed solely by B & B Construction and the defendant was a separate legal entity that could not be considered an alter ego of B & B Construction (see Workers' Compensation Law § 29[6]; Haracz v Cee Jay, Inc., 74 AD3d 1147, 1148; Masley v Herlew Realty Corp., 45 AD3d at 654).
Since the defendant failed to satisfy its prima facie burden, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint based on the exclusivity defense of the Workers' Compensation Law, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Salcedo v Demon Trucking, Inc., 146 AD3d at 841).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court