Salinas v 64 Jefferson Apts., LLC (2019 NY Slip Op 02370)





Salinas v 64 Jefferson Apts., LLC


2019 NY Slip Op 02370


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-11306
 (Index No. 52216/13)

[*1]Jose Salinas, respondent-appellant, 
v
64 Jefferson Apartments, LLC, appellant-respondent.


Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Gregory A. Cascino], of counsel), for appellant-respondent.
Hausman & Pendzick, Harrison, NY (Alan R. Gray, Jr., of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated September 23, 2016. The order, insofar as appealed from, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and granted that branch of the plaintiff's cross motion which was to dismiss the defendant's tenth affirmative defense. The order, insofar as cross-appealed from, in effect, denied those branches of the plaintiff's cross motion which were for summary judgment dismissing the defendant's eighth and ninth affirmative defenses and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 for preclusion.
ORDERED that order is modified, on the law, by deleting the provisions thereof, in effect, denying those branches of the plaintiff's cross motion which were for summary judgment dismissing the eighth and ninth affirmative defenses, and substituting therefor provisions granting those branches of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, and a subsequent decision of the same court dated March 7, 2017, is vacated.
The plaintiff commenced this personal injury action against the defendant alleging, among other things, a violation of Labor Law § 240(1). In its answer, the defendant asserted a number of affirmative defenses, including, as its eighth affirmative defense, that it was an alter ego of the plaintiff's employer, thereby excluding it from liability for injuries sustained by the plaintiff under the Workers' Compensation Law; as its ninth affirmative defense, that it was the plaintiff's special employer, thereby excluding it from liability for injuries sustained by the plaintiff under the Workers' Compensation Law; and, as its tenth affirmative defense, that the plaintiff was a recalcitrant worker. By notice of motion dated April 27, 2016, the defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that all of the plaintiff's claims against it are barred by the exclusivity provisions of the Workers' Compensation Law, on the ground that it was the alter ego of the plaintiff's employer. The plaintiff opposed the defendant's motion, and cross-moved, among other things, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action; for summary judgment dismissing the defendant's eighth, ninth, and tenth [*2]affirmative defenses; and pursuant to CPLR 3126 to preclude the defendant from relying on documents in support of its motion and at trial that it had failed to exchange during discovery.
In an order dated September 23, 2016, the Supreme Court, inter alia, determined that there were triable issues of fact with respect to the defendant's alter ego defense and, upon its determination, in effect, denied the defendant's motion for summary judgment and those branches of the plaintiff's cross motion which were for summary judgment dismissing the defendant's eighth and ninth affirmative defenses. The court also, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's tenth affirmative defense, and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 for preclusion.
An injured employee's sole remedy against his or her employer is recovery under the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]; Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 156). "The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities which are alter egos of the entity which employs the plaintiff" (Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1046 [internal quotation marks omitted]; see Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872; McDonald v Winter Bros. Transfer Sta. Corp., 120 AD3d 1315; Batts v IBEX Constr., LLC, 112 AD3d 765, 766; Quizhpe v Luvin Constr. Corp., 103 AD3d 618, 618-619). "A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer" (Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872 [internal quotation marks omitted]; see Batts v IBEX Constr., LLC, 112 AD3d at 766; Quizhpe v Luvin Constr. Corp., 103 AD3d at 619). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Quizhpe v Luvin Constr. Corp., 103 AD3d at 619; see Batts v IBEX Constr., LLC, 112 AD3d at 766; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 595). "[A] mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595; see Batts v IBEX Constr., LLC, 112 AD3d at 767; Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965; Constantine v Premier Cab Corp., 295 AD2d 303, 304).
Contrary to the defendant's contention, in moving for summary judgment dismissing the complaint on the ground that the plaintiff's claims against it are barred by the exclusivity provisions of the Workers' Compensation Law, on the ground that it was the alter ego of the plaintiff's employer, it failed to make a prima facie showing that it and Westchester Management, LLC, operated as a single integrated entity (see Samuel v Fourth Ave. Assoc., LLC., 75 AD3d at 595). The defendant's submissions demonstrated that the defendant and Westchester Management are closely related. Gil Bergman explained in an affidavit submitted in support of the defendant's motion that he and his wife control approximately 15 entities, including the defendant, which in turn own various parcels of residential rental properties, and that Westchester Management was formed to provide maintenance services to those various properties. However, the defendant's submissions also demonstrated that the Bergmans have been careful to maintain the defendant and Westchester Management as separate and distinct from each other. Among other things, neither entity is a subsidiary of the other, the entities were formed for different corporate purposes, the defendant maintains its own bank account separate from that of Westchester Management and pays its own expenses, and separate Schedule Cs are filed for each entity for tax purposes, albeit as part of the Bergmans' personal income tax return (see Longshore v Davis Sys. of Capital Dist., 304 AD2d 964; Rosenburg v Angiuli Buick, 220 AD2d 654). The defendant and Westchester Management are parties to a management agreement which provides that Westchester Management will act as an agent for the defendant with regard to the management and maintenance of the defendant's property. Westchester Management's employees perform maintenance and superintendent services at various properties owned by all of the entities controlled by the Bergmans, not only the defendant, and the employees are paid with checks drawn on the account of Westchester Management only. The defendant, on the other hand, itself employs contractors to perform construction work at its premises beyond that which the employees of Westchester Management are able to perform, such as the installation of a new roof, and pays those contractors with checks drawn on the defendant's account. In addition, nonparty Juan Ovalles, an employee of Westchester Management, testified at his [*3]deposition that he was unaware that the properties that he and his coworkers maintained were also controlled by the Bergmans, including the premises owned by the defendant. Given this evidence, the defendant failed to establish, prima facie, that it and Westchester Management operated as a single integrated entity (see Salcedo v Demon Trucking, Inc., 146 AD3d 839, 841; Longshore v Davis Sys. of Capital Dist., 304 AD2d at 965; Rosenburg v Angiuli Buick, 220 AD2d at 655; cf. Cappella v Suresky at Hatfield Lane, LLC, 55 AD3d 522, 523). Accordingly, we agree with the denial of that branch of the defendant's motion which was for summary judgment dismissing the complaint on this basis, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, contrary to the Supreme Court's determination, in cross-moving for summary judgment dismissing the defendant's eighth affirmative defense, the plaintiff's submissions established, prima facie, that the defendant is not an alter ego of the plaintiff's employer. In addition to the evidence described above, the plaintiff's submissions demonstrated that tenants at the defendant's rental property enter into a lease agreement with the defendant, and not Westchester Management, and that the Worker's Compensation Policy for Westchester Management is for the benefit of its own employees only, when those employees are working at various locations, including, among other locations, the property owned by the defendant. In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact (see Longshore v Davis Sys. of Capital Dist., 304 AD2d at 964 [" The individual princip(als) in this business enterprise, for their own business and legal advantage, elected to operate that enterprise through separate corporate entities. The structure they created should not lightly be ignored at their behest, in order to shield one of the entities they created from . . . common-law tort liability'" (quoting Buchner v Pines Hotel, 87 AD2d 691, 692)]). Accordingly, that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's eighth affirmative defense should have been granted.
The Supreme Court also should have granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's ninth affirmative defense. The exclusive remedy doctrine of Workers' Compensation Law §§ 11 and 29(6) has been extended to entities other than the injured plaintiff's direct employer, such as special employers (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694). "Thus, an injured person who elects to receive workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer" (Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d at 697). A "special employee" is defined as "one who is transferred for a limited time of whatever duration to the service of another" (Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557). "Although no one factor is determinative, a significant and weighty feature in deciding whether a special employment relationship exists is who controls and directs the manner, details and ultimate result of the employee's work—in other words, who determines all essential, locational and commonly recognizable components of the [employee's] work relationship" (Fung v Japan Airlines Co., Ltd., 9 NY3d at 359 [internal quotation marks omitted]). "Other factors include who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business" (Franco v Kaled Mgt. Corp., 74 AD3d 1142, 1142-1143 [internal quotation marks omitted]).
Here, as argued by the plaintiff, the plaintiff's submissions established, prima facie, that he was not a special employee of the defendant at the time of his accident. Among other things, the plaintiff submitted evidence that he and the employees of Westchester Management are paid by checks drawn on the account of Westchester Management, irrespective of the property at which they are directed to work, and that the ladder and other equipment used by the plaintiff at the defendant's premises were owned by Westchester Management. In addition, the management agreement between the defendant and Westchester Management requires Westchester Management to employ persons to maintain the property where the plaintiff was injured, and to pay their salaries (cf. Syku v La Barranca Realty Corp., 282 AD2d 600). Moreover, given the defendant's failure to oppose this branch of the plaintiff's cross motion, it failed to raise a triable issue of fact in opposition (see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200). The defendant's arguments regarding its special employee defense are improperly raised for the first time on appeal (see e.g. Eun [*4]Suk Cho v Byung Ki Koo, 164 AD3d 1306).
We agree with the Supreme Court's determination that the defendant violated Labor Law § 240(1), and granting that branch of the plaintiff's motion which was to dismiss the defendant's tenth affirmative defense, asserting that the plaintiff was a recalcitrant worker. "Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks" (Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731). "To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (id. at 731 [internal quotation marks omitted]). "Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8; see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502). The sole proximate cause defense applies where the plaintiff, acting as a "recalcitrant worker," misused an otherwise proper safety device, chose to use an inadequate safety device when proper devices were readily available, or failed to use any device when proper devices were available (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 555; Montgomery v Federal Express Corp., 4 NY3d 805, 806; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 701; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772). Contributory negligence on the part of the worker is not a defense to a Labor Law § 240(1) cause of action (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 286).
Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action, by submitting evidence that the ladder on which he was standing moved for no apparent reason, causing him to fall (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758; Alvarez v Vingsan L.P., 150 AD3d 1177; Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 747; Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1105; LaGiudice v Sleepy's Inc., 67 AD3d 969, 971). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact as to whether the plaintiff's own acts or omissions were the sole proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280; cf. Daley v 250 Park Ave., LLC, 126 AD3d 747). Contrary to the defendant's contention, the deposition testimony of the plaintiff's coworker implying that, after the accident, the plaintiff might have told the coworker that the plaintiff had set the ladder up on top of a drop cloth, even if true, would render the plaintiff only contributorily negligent, a defense not available under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 286; Morin v Machnick Bldrs., 4 AD3d 668). For these reasons, and in light of our determination that the plaintiff was entitled to dismissal of the eighth and ninth affirmative defenses, asserting that the action was barred under the exclusive remedy provisions of the Workers' Compensation Law, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action should have been granted in its entirety.
The parties' remaining contentions are without merit, are academic, or need not be reached in light of our determination.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.

2016-11306 DECISION & ORDER ON MOTION
Jose Salinas, respondent-appellant, v 64 Jefferson
Apartments, LLC, appellant-respondent.
(Index No. 52216/13)

Cross motion by the respondent-appellant on an appeal and cross appeal from an [*5]order of the Supreme Court, Westchester County, dated September 23, 2016, to dismiss the appeal on the ground that the order is not appealable as of right by the appellant-respondent. By decision and order on motion of this Court dated January 27, 2017, that branch of the cross motion which was to dismiss the appeal was held in abeyance and referred to a panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the cross motion which was to dismiss the appeal is denied.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.

2016-11306 DECISION & ORDER ON MOTION
Jose Salinas, respondent-appellant, v 64 Jefferson
Apartments, LLC, appellant-respondent.
(Index No. 52216/13)

Motion by the appellant-respondent to strike Points III, IV, and V of the respondent-appellant's reply brief on an appeal and cross appeal from an order the Supreme Court, Westchester County, dated September 23, 2016, on the ground that the material in those points contain improper surreply arguments. By decision and order on motion of this Court dated August 29, 2017, that branch of the cross motion which was to dismiss the appeal was held in abeyance and referred to a panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court