Landaverde v Lin-Ann Enters., Inc. (2019 NY Slip Op 08397)





Landaverde v Lin-Ann Enters., Inc.


2019 NY Slip Op 08397


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-10873
 (Index No. 600586/17)

[*1]Olga D. Landaverde, respondent, 
v
Lin-Ann Enterprises, Inc., appellant.


Mulholland Minion Duffy Davey McNiff & Beyrer, Williston Park, NY (John A. Beyrer of counsel), for appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered July 19, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On February 23, 2015, the plaintiff allegedly was injured when she slipped and fell on ice on property owned by the defendant. The plaintiff was a bus driver employed by nonparty Logan Bus Co., Inc. As a result of the accident, the plaintiff received Workers' Compensation benefits. She commenced this action against the defendant seeking to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that it and the plaintiff's employer were alter egos and that the defendant was, therefore, protected by the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]).
"The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities which are alter egos of the entity which employs the plaintiff" (Batts v IBEX Constr., LLC, 112 AD3d 765, 766; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595). " A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer'" (Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1046, quoting Batts v IBEX Constr., LLC, 112 AD3d at 766; see Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872 [internal quotation marks omitted]; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 594-595). However, "a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Moses v B & E Lorge Family Trust, 147 AD3d at 1046-1047 [internal quotation marks omitted]; see Batts v IBEX Constr., LLC, 112 AD3d at 767; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595).
Here, the defendant failed to make a prima facie showing that it and the plaintiff's employer operated as a single integrated entity, or that either company controlled the day-to-day operations of the other (see Moses v B & E Lorge Family Trust, 147 AD3d at 1047; Zhiwei Mao v Krantz & Levinson Realty Corp., 117 AD3d 944, 945). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court