Fazzolari v Sun Enters., LLC (2020 NY Slip Op 07356)





Fazzolari v Sun Enters., LLC


2020 NY Slip Op 07356


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-01735
 (Index No. 603857/18)

[*1]Joseph Fazzolari, respondent, 
v
Sun Enterprises, LLC, et al., defendants, CVS Albany, LLC, appellant.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska, Nicholas M. Cardascia, Kevin Murtagh, and Mauro Lilling Naparty LLP [Matthew W. Naparty], of counsel), for appellant.
Law Office of Cohen & Jaffe, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for defendant Crescent Associates, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant CVS Albany, LLC, appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 24, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants CVS Albany, LLC, and CVS Rx Services, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant CVS Albany, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs to the plaintiff.
On June 5, 2017, the plaintiff allegedly sustained physical injuries when he fell while descending an interior staircase in a CVS store located on Franklin Avenue in Nassau County. At the time of the accident, the plaintiff was employed as a pharmacist by the defendant CVS Rx Services, Inc. (hereinafter CVS Rx), and the defendant CVS Albany, LLC (hereinafter CVS Albany), was the leaseholder of the subject premises.
The plaintiff thereafter commenced this action to recover damages for personal injuries. Prior to the completion of discovery, CVS Rx and CVS Albany (hereinafter together the CVS defendants) moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. They argued that the plaintiff was employed by CVS Rx and that CVS Albany was an alter ego of CVS Rx, and thus, that CVS Rx and CVS Albany were both entitled to summary judgment based on the exclusivity provisions of the Workers' Compensation Law. In an order entered January 24, 2019, the Supreme Court, among other things, denied that branch of the CVS defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against CVS Albany. CVS Albany appeals.
"The protection against lawsuits brought by injured workers which is afforded to [*2]employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities which are alter egos of the entity which employs the plaintiff" (Batts v IBEX Constr., LLC, 112 AD3d 765, 766; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595). "'A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer'" (Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1046, quoting Batts v IBEX Constr., LLC, 112 AD3d at 766). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872 [internal quotation marks omitted]). However, "a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Moses v B & E Lorge Family Trust, 147 AD3d at 1046-1047 [internal quotation marks omitted]).
Here, CVS Albany failed to make a prima facie showing that it and CVS Rx, the plaintiff's employer, operated as a single integrated entity, or that either entity controlled the day-to-day operations of the other (see id. at 1047; Zhiwei Mao v Krantz & Levinson Realty Corp., 117 AD3d 944, 945).
CVS Albany's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny that branch of the CVS defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against CVS Albany, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court