Mauro v Zorn Realties, Inc. (2022 NY Slip Op 03509)





Mauro v Zorn Realties, Inc.


2022 NY Slip Op 03509


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-00066
 (Index No. 609578/16)

[*1]Angelo Mauro, appellant, 
v
Zorn Realties, Inc., respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Mineola, NY (David C. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered December 18, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when he fell through a chute or hole in the floor on the second story of a warehouse building located on land owned by the defendant, Zorn Realties, Inc. The plaintiff was employed by nonparty Zorn Poultry Farms, Inc. As a result of the accident, the plaintiff received workers' compensation benefits. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that this action was barred by the exclusivity provisions of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]) because it and the plaintiff's employer were alter egos or because the plaintiff was the defendant's special employee.
"The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to entities which are alter egos of the entity which employs the plaintiff" (Batts v IBEX Constr., LLC, 112 AD3d 765, 766; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d 594, 594-595). "'A defendant moving for summary judgment based on the exclusivity defense of the Workers' Compensation Law under this theory must show, prima facie, that it was the alter ego of the plaintiff's employer'" (Moses v B & E Lorge Family Trust, 147 AD3d 1045, 1046, quoting Batts v IBEX Constr., LLC, 112 AD3d at 766; see Haines v Verazzano of Dutchess, LLC, 130 AD3d 871, 872). "A defendant may establish itself as the alter ego of a plaintiff's employer by demonstrating that one of the entities controls the other or that the two operate as a single integrated entity" (Haines v Verazzano of Dutchess, LLC, 130 AD3d at 872 [internal quotation marks omitted]; see Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595). However, "a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other" (Moses v B & E Lorge Family Trust, 147 AD3d at 1046-1047 [internal quotation marks omitted]; see Batts v IBEX [*2]Constr., LLC, 112 AD3d at 767; Samuel v Fourth Ave. Assoc., LLC, 75 AD3d at 595).
Here, the defendant failed to make a prima facie showing that it and the plaintiff's employer operated as a single integrated entity, or that either company controlled the day-to-day operations of the other (see Moses v B & E Lorge Family Trust, 147 AD3d at 1047; Zhiwei Mao v Krantz & Levinson Realty Corp., 117 AD3d 944, 945). Although the defendant presented evidence that the two entities were related inasmuch as they shared an address and a liability insurance policy, the defendant failed to establish that the entities shared officers or had identical owners. Additionally, the evidence showed that the entities served different purposes, had separate bank accounts, filed separate tax returns, and did not have a shared workers' compensation policy (see Salcedo v Demon Trucking, Inc., 146 AD3d 839, 841).
The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law §§ 11 and 29(6) also extends to special employers (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357-358; Gonzalez v Woodbourne Arboretum, Inc., 100 AD3d 694, 697).
"A special employee is 'one who is transferred for a limited time of whatever duration to the service of another,' and limited liability inures to the benefit of both the general and special employer" (Fung v Japan Airlines Co., Ltd., 9 NY3d at 359, quoting Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; see Chiloyan v Chiloyan, 170 AD3d 943, 945). "Many factors are weighed in deciding whether a special employment relationship exists, and generally no single one is decisive . . . Principal factors include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business . . . The most significant factor is who controls and directs the manner, details, and ultimate result of the employee's work'" (Chiloyan v Chiloyan, 170 AD3d at 945, quoting Munion v Trustees of Columbia Univ. in City of N.Y., 120 AD3d 779, 780).
Here, the defendant failed to establish, prima facie, that the plaintiff was its special employee at the time of the accident because it did not submit sufficient evidence to establish, inter alia, that it controlled and directed the manner, details, and ultimate result of the plaintiff's work, nor did it establish that the plaintiff had knowledge of and consented to a special employment relationship (see Zupan v Irwin Contr., Inc., 145 AD3d 715, 718).
As the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court